UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

17MJ1867-JGM

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MISC. NO. \_\_\_\_ <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through Douglas P. Morabito, its undersigned counsel, respectfully submits under seal this *ex parte* Application for an Order pursuant to 18 U.S.C. § 2703(d). The Order would require Verizon Wireless ("the Service Provider"), to disclose certain records and other information pertaining to the cellular telephone assigned call numbers 203-814-6204 and 203-610-7561 as described in Part I of Attachment A. The records and other information sought are described in Part II of Attachment A to the proposed Order. In support of this Application, the United States asserts:

LEGAL BACKGROUND

1. The United States may use a court order issued under 18 U.S.C. § 2703(d) to require a provider of electronic communication service to disclose records or other information pertaining to a subscriber or customer of such service, not including the contents of any communications. Cellular service providers are providers of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under 18 U.S.C. § 2703(d) to require the Service Providers to disclose the items described in Part II of Attachment A, which are "record[s] or other information pertaining to a subscriber to or customer of such service." 18 U.S.C. § 2703(c)(1).

1

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this Application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation.

## FACTS ABOUT THE ONGOING CRIMINAL INVESTIGATION

4. The United States is investigating the sudden death of a 30 year old male who was found unresponsive on November 2, 2017 by a family member in the bathroom of their residence in Trumbull, Connecticut. Medical Emergency Personnel declared the 30 year old male deceased on scene at approximately 9:12 a.m. Evidence obtained from the scene indicated that the death might have been the result of an Opioid overdose as an amount of powder was recovered from the deceased males' bedroom. The powder was subsequently field tested positive for the presence of Fentanyl by the Trumbull Police Department. Trumbull police also seized as evidence the cellular phone belonging to the deceased male. The phone is described as an Apple IPhone with cellular number 203-814-6204 with service by Verizon Wireless (The Service Provider)

5. On November 4, 2017, DEA Task Force agent Michael Chaves forensically downloaded the contents of the deceased males' telephone to a DVD. A subsequent examination of the contents of the phone revealed that the deceased male had been in contact with phone number 203-610-7561, also serviced by Verizon Wireless (The Service Provider). An examination of text messages showed a text message conversation that began on 10-21-2017 between the deceased male's phone (203-814-6204) and a contact listed as Arky Hernandez (203-610-7561). A summary of some of the text messages are as follows:

- Oct 22, 2017

  203-814-6204: Any Subs around?

  203-610-7561: Im working right now. Ill ask tho?

- October 27, 2017

  203-814-6204: I'll be home in 5 minutes, just come by? Or whats up

  203-610-7561: He didn't gwt them. Im suprised I forgot to get back to while im sitting her bored as fuck trying to get a haircut for 2hrs.

  203-610-7561: The guy ahead of me is fucking BALD and its takin 45 min

  203-814-6204: Ah fuck dude

  203-814-6204: Cant get them anywhere? I told dude it was all good he's gonna be pissed

  203-610-7561: Nay i tried the other day too. Theyre so hard to get now

- October 29, 2017

  203-814-6204: You still middling brown or nah

- November 1, 2017

  203-814-6204: Still nothing on those I'm assuming?

3

203-610-7561: Still waiting

203-814-6204: So do you want to made a brown run until they're back? I dont know where to get at but dude wants it. Could prob tax him heavy he's hitting me up 2 times a day.

203-814-6204: I don't trust going thru anyone else for that shit

203-610-7561: B by shortly. Im on my way back

203-610-7561: Rollin up

203-814-6204: Cool coming out

6. Based on discussion with DEA Special Agent Ryan Mensing of the Bridgeport Resident Office it is believed that the previous text messages were drug related. On October 22, 2017 when discussing Subs, It is believed that they are discussing Suboxone, a prescription medication used for the maintenance treatment of opioid dependence. During the later conversations when they discuss "brown" it is believed that they are discussing Heroin, as that is a common street term for Heroin based on the light brown color of Heroin typically trafficked in the Northeast part of the United States. The last text message sent on 11-01-2017 in which 203-814-6204 appears to indicate that the male who was later discovered deceased met with Arky Hernandez at the deceased male's residence at approximately 6:26 p.m. From the examination of the contents of the deceased males' phone, it also appears that last text message was the last outgoing call or text message sent from his phone.

7. DEA issued an administrative subpoena to Verizon Wireless for the subscriber of record for phone number 203-610-7561. The subscriber of record was listed as Arcadio HERNANDEZ with an address of 97 Cottage Street, Trumbull, Connecticut.

8.  The information sought herein is relevant to the ongoing criminal investigation. The information is expected to help investigators identify the movements of the telephone numbers 203-814-6204 and 203-610-7561 based on which cell towers the two phones were utilizing during their communication.

## FACTS ABOUT CELL TOWERS IN GENERAL

9.  Many cellular service providers maintain antenna towers ("cell towers") that serve specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. These cell towers allow the wireless devices to transmit or receive communications, such as phone calls, text messages, and other data. The tower closest to a wireless device does not necessarily serve every call made to or from that device.

10. In addition to a unique telephone number, each cell phone is identified by one or more unique identifiers. Depending on the cellular network and the device, the unique identifiers for a cell phone could include an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI").

11. Cellular service providers routinely maintain historical cell-tower log information, including records identifying the wireless telephone calls and communications that used a particular tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device in the vicinity of the tower that made or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called

or was called by the locally served wireless device); the date, time, and duration of the communication; the "sectors" (i.e., the faces of the towers) that received a radio signal from the locally served device; and the type of communication transmitted through the tower (such as phone call or text message).

12. Based on the above facts, there is reason to believe that the records described in Attachment A would help identify the movements of the two cellular phones during the time period requested. This information, in turn, will assist law enforcement in determining who may have provided the drugs that ultimately to the suspected overdose.

### REQUEST FOR ORDER

13. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that the Service Provider be directed to produce all items described in Part II of Attachment A to the proposed Order.

14. The United States further requests that the Order require the Service Provider not to notify any person, including individuals whose wireless devices connected to the cellular telephone towers described in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). Such a requirement is justified because the Order relates to an ongoing criminal investigation, and its disclosure may alert the targets to the investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to

flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation may also be stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their electronic devices.

15. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

DOUGLAS P. MORABITO
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct20962
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700